### UNITED STATES v. EAGLE CLEANERS & DYERS, Inc.

#### No. 12267.

United States District Court
E. D. Pennsylvania.
Aug. 3, 1951.

Erwin Lodge, Sp. Asst. to the U. S. Atty., Philadelphia, Pa., for plaintiff.

Benjamin R. Simons, Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

1. Defendant, Eagle Cleaners and Dyers, Inc., a domestic corporation organized under the laws of the State of Pennsylvania, is engaged in the wholesale cleaning and dyeing business at 1215–17 Belmont Avenue, Philadelphia, Pennsylvania.

2. On January 26, 1951, the Director of Price Stabilization issued, with the approval of the Administrator of the Economic Stabilization Agency and pursuant to the Defense Production Act of 1950, 50 U.S.C.A. Appendix, § 2061 et seq., and Executive Order 10161, 15 Federal Register 6105, 50 U.S.C.A. Appendix, § 2071 note, and Economic Stabilization Agency General Order No. 2, 16 Federal Register 738, a General Ceiling Price Regulation, 16 Federal Register 808 et seq., hereinafter referred to, with all pertinent amendments, as "GCPR". GCPR establishes ceiling prices for all commodities and services (execpt those specifically exempt) upon the basis of prices in effect during the base period of December 19, 1950 to January 25, 1951, inclusive.

3. Since January 26, 1951, and continuing up to and including the present, the defendant has sold and delivered, and intends to continue to sell and deliver, such commodities and services as those for which GCPR provides ceiling prices.

4. Section 16(a) of GCPR as amended by Amendment 5 on February 28, 1951, Federal Register 1944, directed all persons engaged in the sale or exchange of commodities or services to keep certain records known as "base period records":

(a) records showing prices charged for the commodities or services which were delivered or offered for delivery during the base period, and also records of cost incurred prior to the end of the base period;

(b) records showing the categories of commodities in which deliveries and offers for delivery were made during the base period; or if services were sold, a statement listing the services which were delivered or offered for delivery during the base period;

(c) a ceiling price list, showing the commodities in each category (listing each model, type, style and kind), or the services delivered or offered for delivery during the base period together with a description or identification of each such commodity or service and a statement of the ceiling price; the ceiling price list may refer to an attached price list or catalogue;

(d) a statement of customary price differentials for terms and conditions of sale and classes of purchasers, in effect during the base period.

5. On April 24, 1951, a Special Agent of the Office of Price Stabilization, pursuant to instructions from his superiors, visited the defendant's place of business for the purpose of checking defendant's compliance with Section 16. The only record produced in response to a request for the defendant's ceiling price list, statement of categories and statement of differentials, was a list prepared on November 20, 1950, giving prices for the various items of defendant's services on that date. Although defendant's president informed the agent that there had been no price changes since that date, the list was nevertheless not based upon the defendant's records of deliveries or offers for delivery during the base period of December 19, 1950 to January 25, 1951.

6. On April 30, 1951, another Special Agent of the Office of Price Stabilization visited the defendant's place of business and received a similar response.

7. On May 11, 1951, the Director of Price Stabilization issued Ceiling Price Regulation 34, 16 Federal Register 4446, effective May 16, 1951, hereinafter referred to as "CPR 34". This regulation supersedes the GCPR with respect to the services delivered or offered for delivery by the defendant. CPR 34 establishes, in Section 18, certain requirements for the keeping of records and the filing of statements which supersede the requirements of Section 16 of the GCPR, for the future conduct of this defendant. The GCPR is still applicable to the defendant, however, for the period prior to May 16, 1951.

## Conclusions of Law

1. This Court has jurisdiction of the parties, and of the subject matter of this suit by virtue of the provisions of Section 706(b) of the Defense Production Act of 1950, 50 U.S.C.A. Appendix, § 2156(b), and by virtue of 28 U.S.C. § 1345.

2. The records kept by the defendant have not been in compliance with Section 16(a) of the General Ceiling Price Regulation.

3. Defendant's failure to comply with the records and statement requirements of Section 16 reasonably leads to the conclusion that the defendant will violate the record and statement requirements of Section 18 of General Price Regulation 34.

4. Plaintiff, in the absence of compliance by the defendant with the record and statement requirements of the law cannot effectively determine whether defendant has charged in excess of ceiling prices prescribed by regulation applicable to the defendant.

5. Therefore, unless within five days from this date, the defendant fully complies with the record and statement requirements of Section 16 of GCPR for the period prior to May 16, 1951, it is preliminarily enjoined, until final order, along with its agents, servants and employees and all other persons in active concert or participation with it, from: (a) directly or indirectly selling or delivering any of the commodities or services within the purview of GCPR or CPR 34, unless and until the defendant prepares, maintains and makes available for examination by the Director of Price Stabilization or his duly authorized representative the records required by Section 16(a) of GCPR or Section 18 of CPR 34; (b) directly or indirectly selling or delivering any of the commodities or services within the purview of CPR 34 unless and until the defendant prepares and maintains and makes available for examination by the Director of Price Stabilization or his duly authorized representative the current pricing records required by Section 16(b) of GCPR or Section 18 of CPR 34; (c) directly or indirectly selling or delivering any of the commodities or

services within the purview of CPR 34 in excess of the maximum prices established therefor by GCPR or CPR 34 or by such other regulations or amendments as may hereafter be issued with respect to the establishment of maximum prices for such commodities or services; and (d) offering soliciting or agreeing to do any of the foregoing.

6. It is further ordered that the defendant, through its agents, servants employees or other persons in active concert or participation with it, maintain and make available for examination by the Director of Price Stabilization or his duly appointed representative all records required to be kept by GCPR, as amended by CPR 34, and as these regulations may be amended from time to time.